2015 OK 80

STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,

v.

Michael Dean BILLINGS, Respondent.

No. SCBD–6324.

Supreme Court of Oklahoma.

Nov. 24, 2015.

¶ 0 **ORDER APPROVING RESIGNATION PENDING DISCIPLINARY PROCEEDINGS**

¶ 1 Complainant, Oklahoma Bar Association (Bar Association), has applied pursuant to Rule 8.2 of the Rules Governing Disciplinary Proceedings (5 O.S.2011 Ch. 1, App. 1–A) for an order approving the resignation of the respondent, Michael Dean Billings, pending disciplinary proceedings. The Bar's application, the respondent's resignation, and an affidavit from a Bar Association employee reveal the following.

¶ 2 On November 10, 2015, the respondent filed with this Court his affidavit of resigna-tion from membership in the Bar Association pending disciplinary proceedings.

¶ 3 The respondent's affidavit of resignation reflects that: (a) it was freely and voluntarily rendered; (b) he was not subject to coercion or duress; and (c) he was fully aware of the consequences of submitting the resignation.

¶ 4 The affidavit of resignation states respondent's awareness of the Grievance by the Office of the General Counsel stating that criminal charges were filed against respondent in the United States District Court for the Western District of Oklahoma in *United States of America v. Michael Dean Billings,* CR–14–00306–M for: COUNT I: Conspiracy to Commit Sex Trafficking of Children in violation of Title 18, U.S.C. §§ 1591(a)(1), 1591(c) and 1594; COUNT II: Conspiracy to Travel with Intent to Engage in Illicit Sexual Conduct, including a sexual act with persons under 18 years of age, in violation of Title 18, U.S.C. §§ 2423(b) and 2423(e); and COUNT III: Conspiracy to Engage in Illicit Sexual Conduct in Foreign Places, including a sexual act with persons under 18 years of age, in violation of Title 18, U.S.C. §§ 2423(c) and 2423(e).

¶ 5 The resignation states the respondent is aware the allegations against him, if proven, would constitute violations of Rules 8.4(b), of the Oklahoma Rules of Professional Conduct, 5 O.S.2011, Ch.1, App. 3–A, and Rule 1.3 of the Rules Governing Disciplinary Proceedings, 5 O.S.2011, Ch. 1, App. 1–A, and his oath as an attorney.

¶ 6 The respondent states he is aware the burden of proof regarding the allegations against him rests upon the Oklahoma Bar Association, and he waives any and all rights to contest the allegations.

¶ 7 The respondent states his awareness of the requirements of Rule 9.1, of the Rules Governing Disciplinary Proceedings, and he states he shall comply with that Rule within twenty (20) days following the date of his resignation.

¶ 8 The respondent states his awareness that a Rule 8.2 resignation pending disciplinary proceedings may be either approved or

disapproved by the Oklahoma Supreme Court.

¶ 9 The respondent states he is aware he may make no application for reinstatement prior to the expiration of five years from the effective date of the order approving his resignation, and that reinstatement requires compliance with Rule 11 of the Rules Governing Disciplinary Proceedings. *See* 5 O.S. 2011 Ch. 1, App. 1–A, Rule 8.2, Rules Governing Disciplinary Proceedings; *State ex rel. Oklahoma Bar Association v. Bourland,* 2001 OK 12, 19 P.3d 289; *In re Reinstatement of Hird,* 2001 OK 28, 21 P.3d 1043.

¶ 10 The respondent alleges he surrendered his Oklahoma Bar Association membership card to the Office of the General Counsel. An affidavit filed by an employee of the Bar Association confirms receipt of respondent's membership card by the Bar.

¶ 11 The respondent acknowledges he must cooperate with the Office of the General Counsel by providing current contact information and identifying active cases wherein client documents and files should be returned to the client or forwarded to new counsel, and that he must cooperate in providing fees or funds owed by the respondent to his clients and determining the amount of those fees and funds.

¶ 12 The respondent states he is aware the Client's Security Fund may receive claims from his former clients, and he shall pay to the Oklahoma Bar Association, prior to reinstatement, those funds, including principal and interest, expended by the Client's Security Fund for claims against him. *See* 5 O.S.2011 Ch. 1, App. 1–A, Rule 11.1(b), Rules Governing Disciplinary Proceedings; *State ex rel. Oklahoma Bar Association v. Heinen,* 2003 OK 36, ¶ 9, 84 P.3d 708, 709.

¶ 13 The application for approval of respondent's resignation filed by the Bar Association states it has incurred minimal costs and they are waived by Complainant.

¶ 14 The official roster name and address of the respondent is Michael Dean Billings, O.B.A. No. 17912, 1207 N.W. 42nd Street, Oklahoma City, OK 73118.

¶ 15 IT IS THEREFORE ORDERED that the application by the Bar Association for an order approving Michael Dean Billings' resignation be approved.

¶ 16 IT IS FURTHER ORDERED that respondent's name be stricken from the Roll of Attorneys and that he make no application for reinstatement to membership in the Oklahoma Bar Association prior to five years from the effective date of this order.

¶ 17 IT IS FURTHER ORDERED that costs are not awarded due to the express waiver of costs filed by the Oklahoma Bar Association.

¶ 18 IT IS FURTHER ORDERED that if any funds of the Client's Security Fund of the Oklahoma Bar Association are expended on behalf of respondent, he must show the amount paid and that the same has been repaid, with interest, to the Oklahoma Bar Association to reimburse such Fund prior to reinstatement.

¶ 19 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 23rd DAY OF NOVEMBER, 2015.

¶ 20 ALL JUSTICES CONCUR.

/s/ John Reif
CHIEF JUSTICE